# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY THOMPSON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. 11cv0500 DMS (CAB)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket Nos. 14, 15] |

Plaintiff Toby L. Thompson ("Plaintiff") moves for reversal of Defendant's decision to deny him disability and social security benefits. Defendant Michael J. Astrue, in his capacity as Commissioner of the Social Security Administration, opposes Plaintiff's motion and cross-moves for summary judgment. Plaintiff did not file an opposition to Defendant's motion, and neither side filed reply briefs. In his motion, Plaintiff argues the Administrative Law Judge ("ALJ") failed to provide legally sufficient reasons to reject Plaintiff's testimony. For the reasons discussed below, the Court denies Plaintiff's motion for summary judgment, and grants Defendant's cross-motion for summary judgment.

## I.
## BACKGROUND

Plaintiff is a 43-year old male who was involved in a severe motorcycle accident when he was 17 years old. (Administrative Record ("AR") at 92.) Plaintiff was riding a motorcycle at a high speed

when he broadsided a van. (*Id.* at 261.) Plaintiff was wearing a helmet, but nevertheless sustained a severe head injury, among other physical injuries. (*Id.*) Plaintiff has held various, intermittent jobs since his accident.

On May 28, 2009, filed an application for disability benefits and an application for supplemental security income alleging a disability onset date of March 19, 2009. (*Id.* at 10.) Plaintiff alleged he was disabled due to the traumatic brain injury he suffered in the motorcycle accident. (*Id.* at 170.) Plaintiff's claim was denied initially, (*id.* at 54-58), and again upon reconsideration. (*Id.* at 65-69.)

Plaintiff thereafter filed a request for hearing by an ALJ. (*Id.* at 71.) ALJ Edward D. Steinman held a hearing on August 13, 2010. (*Id.* at 10) Attorney David Shore represented Plaintiff at the hearing. The ALJ heard testimony from Plaintiff, medical expert Kent Layton, Psy.D., and vocational expert, Dr. Mary Jesko. On August 23, 2010, ALJ Steinman issued a written decision finding Plaintiff not disabled. (*Id.* at 10-17.) Plaintiff filed a request for review of that decision, (*id.* at 5), which the Appeals Council denied on December 9, 2010. (*Id.* at 2-4.) Plaintiff filed the present case on March 15, 2011.

## II.

## DISCUSSION

Plaintiff argues the ALJ erred in his assessment of Plaintiff's credibility. Plaintiff asserts this error warrants reversal and remand for an award of benefits. Defendant disputes there was error, and asserts that even if there was, Plaintiff's case should be remanded for further proceedings, not an award of benefits.

**A.    Legal Standard**

Under the Social Security Act, "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A). In addition, the impairment must result "from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques." 42 U.S.C. § 423(d)(3).

A court cannot set aside a denial of benefits unless the Commissioner's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).

To determine whether substantial evidence exists to support the ALJ's decision, a court reviews the record as a whole, not just the evidence supporting the decision of the ALJ. *Walker v. Matthews*, 546 F.2d 814, 818 (9th Cir. 1976). A court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). In short, a court must weigh the evidence that supports the Commissioner's conclusions and that which does not. *Martinez*, 807 F.2d at 772.

If there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is evidence on the other side, *Hall v. Secretary*, 602 F.2d 1372, 1374 (9th Cir. 1979), and even when the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). If supported by substantial evidence, the findings of the Commissioner as to any fact will be conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).

**B.     Claimant Testimony**

Plaintiff argues the ALJ failed to provide specific, clear and convincing reasons for rejecting Plaintiff's testimony. "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)

(*en banc*)). If the claimant satisfies this first element, "and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

Here, the ALJ found Plaintiff had met the first element. (*See* AR at 15) ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms[.]") However, he rejected Plaintiff's credibility for two reasons. (*Id.*) First, the ALJ relied on Plaintiff's work history, during which Plaintiff was "not sheltered, and ... given no special consideration." (*Id.*) The ALJ also noted Plaintiff held his last job for two years. (*Id.*) Work history is an appropriate consideration in evaluating the claimant's subjective symptom testimony. See 20 C.F.R. § 404.1529(c)(3) (listing prior work record as factor that may be considered in evaluating intensity and persistence of symptoms). Thus, this reason supports the ALJ's rejection of Plaintiff's testimony.

Second, the ALJ stated that Plaintiff "is independent in his activities of daily living." (*Id.*) Those activities included driving to the library and a career center, where Plaintiff used a computer to look for work. (*Id.*) "The ALJ was permitted to consider daily living activities in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). As the Ninth Circuit has explained, "if a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making specific findings relating to those activities." *Id.* Thus, this evidence also supports the ALJ's rejection of Plaintiff's subjective testimony about his symptoms.

In sum, the ALJ provided specific, clear and convincing reasons for rejecting Plaintiff's testimony. Plaintiff's argument to the contrary does not warrant reversal or remand.

### III.
### CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is **DENIED**, and

/ / /

/ / /

1  Defendant's cross-motion for summary judgment is **GRANTED**. The Clerk shall enter judgment
2  accordingly, and terminate this case.
3        **IT IS SO ORDERED**.
4  DATED: January 17, 2012

HON. DANA M. SABRAW
United States District Judge